# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FRANTZ MARCELLUS,

                    **Plaintiff,**

-vs-                                        **Case No.  6:11-cv-390-Orl-31DAB**

AMERICAN COACH LINES OF
ORLANDO, INC.,

                    **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:**    **JOINT MOTION TO APPROVE PARTIES' SETTLEMENT AGREEMENT (Doc. No. 20)** |
| **FILED:**      **August 15, 2011** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

       The parties filed a Notice of Settlement in this Fair Labor Standards Act ("FLSA") case, and the Court issued an Order directing the parties to file a motion for a fairness finding supported by the settlement agreement (Doc. No. 15).  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  The instant motion followed.

       If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the  context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees

bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the Joint Motion, Plaintiff worked for Defendant, a motor coach operator, driving "numerous airport and seaport" trips throughout his employment.  As such, the parties agree that Plaintiff would likely be deemed exempt from the overtime requirements of FLSA, under the Motor Carrier Act exemption.  In order to resolve the matter, the parties have agreed to settle the action by payment to Plaintiff of $100.00 (for signing a general release) and $900 in attorney's fees.  The parties stipulate that the settlement is fair and reasonable, and ask for an Order approving the agreement, and dismissing Plaintiff's action, with prejudice.

While the Court would normally question such a small recovery, it finds the settlement to be fair in this instance, in view of the admitted likely lack of liability.  As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by

the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that "[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc*., – F.3d –, 2011 WL 3189770, 6 (11th Cir. 2011) (emphasis added - affirming decision denying attorney's fees where court granted motion to dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot).  As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a settlement where the full amount of claimed damages was not tendered, the Court reviews the fee under the traditional FLSA analysis.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).  While the parties have not tendered information sufficient to apply the lodestar, as the agreement calls for a fee award of under $1000, the Court finds the amount *per se* reasonable, and further analysis is not necessary.

As the Court finds the agreement to be a fair and reasonable resolution of a bona fide FLSA dispute, it is **respectfully recommended** that the motion be **granted**, the settlement be approved, and the Complaint be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 18, 2011.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy